## Silas McBride, Appellant, *v.* The City of Chicago, Appellee.

### APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

Equity will not interfere to correct proceedings on the part of the city of Chicago, in collecting an assessment; a party should take his appeal, or resort to a writ of certiorari.

If the assessment was vitiated by fraud, or the party assessed was likely to sustain an irreparable injury, equity might relieve. Mere irregularities in making an assessment, will not be regarded in equity.

Silas McBride shows, by his bill, that he is the owner, in fee, of certain real estate, situate in said city, and described as follows, viz. : Lot four, block thirty-five, school section addition to Chicago.

That he was such owner on the first day of July, A. D. 1855, and from thence hitherto.

That said lots of land front and butt on a certain street or highway, in said city, usually called and known as Taylor street ; that certain proceedings have been taken by said city for the purpose of widening said street, from the Chicago river, to a point thereon, west of the lands of your orator, and in so doing, seek to take and appropriate some of the lands of your orator, fronting on said street ; and to that end and purpose have instituted and carried on certain proceedings.

That the said proceedings are irregular and defective in several material matters and things, namely, in this :

1st. That the notice by the clerk, that the Common Council intended to take and appropriate the land for the purpose of widening said street, is vague and indefinite, no time being therein specified when the Council would act in the premises.

2nd. That at the expiration of the time required by law for giving the notice, the Common Council did not act, nor did they act at all in the matter, either by adjournment or otherwise, until the 12th day of May, 1856, six months afterwards or thereabouts.

3rd. That the commissioners did not within forty days from the time of their appointment, make their report and return of

their actings and doings as such commissioners—they being appointed the 12th day of May, and making their return the 30th day of June then next.

4th.    They did not, in fact, act within forty days next after their appointment, as their return shows that they did not act till the 28th day of June, in making their assessment.

5th.    The notice of confirmation of the report of such commissioners was published on the 12th day of July, for the 14th July, and was not, in fact, acted on until the 18th of August, no order being taken by the council on the 14th July, nor until the 18th August.

That said proceedings are irregular and void, and conferred no right, power or authority in the said city, either to condemn and appropriate said land, or to levy and assess said special assessment thereon.

That under color of said proceedings, the said city of Chicago hath caused to be levied and assessed upon his lands the sum of eighty-two dollars.

That, notwithstanding such irregularities of the said proceedings, and the want of right and power on the part of said city, to take the said lands, and assess said tax or assessment for the supposed benefits of that alleged improvement, yet the said city has proceeded to issue its warrant for the collection of the said assessment; and the said assessment levied on said lands having been returned unpaid, such proceedings have been thereupon had, that, upon application to the court, judgment hath been rendered against said lands, in favor of the said city, and the same ordered to be sold to pay said assessment, on the 31st day of March, 1858, and that the said city, or its agents, will proceed on that day and sell the same under said judgment and order, unless restrained by the court.

That he files his bill on behalf of himself and all others whose property has been taken or assessment levied thereon, by virtue of said proceedings, who may come in and become parties hereto, and share the expense of this suit.

An injunction was issued in conformity with the prayer in the bill.

The city, by its attorney, moved the court to dissolve the injunction, for want of equity appearing upon the face of the bill, which was done, at the cost of complainant, which was assigned for error.

W. T. BURGESS, for Appellant.

E. ANTHONY, for Appellee.

WALKER, J. Numerous objections are urged, to reverse the decree of the court below dissolving the injunction and dismissing appellant's bill. These objections are to the mode of exercising a power, with which the appellees were clearly invested, by their charter. It authorizes the Common Council to open, widen and extend streets within the city limits, and to appoint commissioners to ascertain and assess the damage and recompense due the owners of lands affected by such improvement; and, at the same time, to determine what persons will be benefited by such improvement, and to assess the damages and expenses thereof, on the real estate of persons benefited, as nearly as may be, to the benefits resulting to each. The objections urged are:

1st. That the notice by the clerk, that the Common Council intended to take and appropriate the land for the purpose of widening said street, is vague and indefinite, no time being therein specified when the Council would act in the premises.

2nd. That at the expiration of the time required by law for giving the notice, the Common Council did not act, nor did they act at all in the matter, either by adjournment or otherwise, until the 12th day of May, 1856, six months afterwards or thereabouts.

3rd. That the commissioners did not, within forty days from the time of their appointment, make their report and return of their actings and doings as such commissioners, they being appointed the 12th day of May and making their return the 30th day of June then next.

4th. That they did not, in fact, act within forty days next after their appointment, as their return shows that they did not act till the 28th day of June, in making their assessment.

5th. That the notice of confirmation of the report of such commissioners was published on the 12th day of July, for the 14th July, and was not in fact acted on until the 18th of August, no order being taken by the council on the 14th of July, nor until the 18th of August.

Upon a careful examination of the works on chancery jurisdiction, as well as reported cases, we are unable to find that a court of equity has ever entertained jurisdiction to enjoin the collection of a tax, when the objection was urged against the jurisdiction. And it is for the plain and obvious reason, that if the tax is illegal and void, the party has his remedy at law, which would be as complete and ample as could be afforded by a court of equity. If the tax is levied without authority, the persons assuming to act are clearly liable; and if in the exercise of authority legally possessed, it is exceeded, or any irregularity occurs, which renders the assessment and tax void, those

committing the irregularity are liable to the party suffering injury. While an assessment of this character is not a tax, and differs in some respects from it, it is nevertheless in many respects similar. They both proceed to raise money by authority of law from the citizen, without his assent, and are required to proceed upon the basis of equality, either as to benefits conferred, or in proportion to the ability of the person taxed. Uniformity and equality are in each observed, as a principle of justice and duty. They are each of them enforced by summary proceedings and without judgment, based upon indebtedness and without personal service. In each, the process is compulsory and enforced by distress.

These assessments are authorized alone by statute, and the mode of levying and collecting them, is specified by the charter conferring the power. When the commissioners shall have made the assessment and returned it to the Common Council, the clerk is required to give at least ten days' notice by publication, that the assessment has been returned, and that on a day to be named therein, it will be affirmed by the Common Council, unless objections to the same are made by some person interested. Objections may be heard before the Common Council, and the hearing may be adjourned from day to day. The Common Council are given power, in their discretion, to confirm or annul the assessment, or to refer it back to the commissioners. And the 17th section of the sixth chapter of the city charter, gives an appeal to any court of record in Cook county, from the order for opening or widening any street, etc., and opens all questions in such proceeding to hearing on the appeal. It prescribes the mode of trying the case. It also provides that no appeal or writ of error shall lie to the judgment of the court, on the trial.

Ample opportunity is thus given to the party feeling himself aggrieved, to be twice heard. First, before the Common Council on the return by the commissioners, and if not satisfied with their determination, then by an appeal to any court of record, in the county of Cook. And if the party having notice, lies by, and fails to urge a hearing before the Common Council, and fails to take an appeal or remove the record of confirmation by *certiorari*, to a court of competent jurisdiction, he must be held in a court of equity, to have waived all irregularities, and cannot, by applying to this tribunal, have a hearing, which he has failed to avail himself of at law. If he had no notice, when the proceeding did come to his knowledge, he could have removed the record to the Cook Circuit Court by *certiorari*, and if it were essentially defective, the order would be quashed. By either the appeal, or *certiorari*, an ample and complete remedy at law could have been had. And therefore a court of equity

should not assume jurisdiction for mere irregularities, or even for a want of compliance with material requirements of the law.

That a case might occur, as where the injury likely to result from the enforcement of a void assessment would be irreparable, from the irresponsibility of the officers committing the irregularity, or in a case where the whole proceeding was tainted and vitiated by fraud and corruption, a court of equity might, by either of those means, acquire jurisdiction to inhibit the corporation from executing its order.  But in cases where officers, either *de jure* or *de facto* are exercising the functions of that office, and the law authorizes them to levy a tax, or a special assessment, a court of equity will not restrain them from acting for a want of regularity in the exercise of the power, while it might entertain jurisdiction where persons are acting neither as officers *de jure* or *de facto*, or having no pretense of legal power to levy a tax or make an assessment.  But such cases should be clear and free from doubt.

In this case, the various objections to this proceeding could have been fully heard and determined on an appeal, or by writ of *certiorari*, if the appellant had been disposed to have availed himself of his legal remedies.  But failing to do so, we see no reason why a court of equity should, or even if so disposed, could afford the relief sought by the bill.  Therefore, the decree of the court below, dissolving the injunction and dismissing the complainant's bill, must be affirmed.

*Decree affirmed.*