# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

THE WABASH, ST. LOUIS AND PACIFIC RAILWAY COMPANY

*v.*

WILLIAM T. JOHNSON, Collector.

*Filed at Ottawa November 20, 1883.*

1. TAXES—*assessment of omitted railroad personal property.* Where a railroad company returns and files with the county clerk of a county a sworn list of all its taxable property in such county, except its personal property in one town, which is omitted, it is made the duty of the town assessor to list and assess such omitted property, and if he lists it upon his general assessment roll instead of upon the county clerk's copy of the railroad schedules furnished him, it is but an informality not affecting the substantial justice of the tax levied thereon, and furnishes no ground to enjoin the collection of the taxes extended on such assessment.

2. SAME—*assessment of property not listed—no notice to owner necessary.* Where a person furnishes the assessor with a list and valuation of his property, which is accepted without question, the assessor has no power to alter or raise the same without notice to the party assessed; but where the assessor discovers other property than that listed, he is not required to give the owner notice before he can list and assess it.

3. SAME—*when collection will be enjoined.* A court of equity will not entertain a bill to restrain the collection of a tax, except in cases where the tax is unauthorized by law, or assessed upon property not subject to taxation, or where the assessment or levy has been made without legal authority, or fraud has occurred. For all other grounds the party must be left to his remedy at law, if any.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. John A. Jameson, Judge, presiding.

This was a bill in chancery, filed by the railway company in the Superior Court of Cook county, to enjoin the collection of a personal property tax. A demurrer was sustained to the bill, and the bill dismissed. The case is brought here by writ of error.

The bill sets out that in the year 1881 the company made out the schedules of its "right of way" and "rolling stock," and filed them with the county clerk of Cook county, as required by law, and also a list of personal property other than "rolling stock," which list showed property in only four towns, viz: Orland, Palos, Worth and Lake; that the county clerk returned the list to the assessors of those towns, who valued the property listed as being in each town, and then returned it to the county clerk; that the property was entered on the county clerk's "Railroad Tax Book" for the year 1881, and the taxes were by him extended thereon, his warrant to the county collector was attached thereto, and the company paid all taxes charged against its property on that "Railroad Tax Book" to the defendant, as county collector; that by mistake and inadvertence the company omitted to return and file with the county clerk a list of its personal property other than "rolling stock" situated in the town of South Chicago; or to include it in its list so furnished; that the assessor of the town of South Chicago finding this personal property in South Chicago, did not add it to the copy of the list or schedule returned to and filed with the county clerk, and assess and value it there, but did list, assess and value it in and on his general assessment roll for the town of South Chicago, in which he listed, assessed and valued taxable property other than railroad property; that the assessor did not give the company any notice of such listing, nor did it have any notice or knowledge thereof until it was called upon by the collector

of the town of South Chicago to pay the tax; that this general assessment roll, in due course, came to the county clerk, who extended the taxes against the company on that property, and delivered the tax roll or book for South Chicago, with his tax warrant, to the town collector, who applied for payment; the company refused to pay; the collector did not proceed to collect the tax, but returned it as delinquent to the county collector; that it is, by virtue of such listing, assessment, etc., and the warrant issued by the county clerk to the town collector, and the return of the tax as delinquent to him by the town collector, and not by or under any other authority, that the county collector claims the right to collect the said tax, and threatens to do so.

The Revenue law requires railroad companies to return and file with the county clerks of the respective counties in which the railroad may be located, sworn lists of all their taxable property.   Section 47 of the act provides, that · "the county clerk shall return to the assessor of the town or district, as the case may require, a copy of the schedule or list of the real estate, (other than 'railroad track,') and of the personal property (except 'rolling stock') pertaining to the railroad; and such real and personal property shall be assessed by the assessor.   Such property shall be treated in all respects in regard to assessment and equalization, the same as other similar property belonging to individuals, except that it shall be treated as property belonging to railroads, under the terms 'lands,' 'lots,' and 'personal property.' "   Section 49 is: "If any person, company or corporation, owning, operating or constructing any railroad, shall neglect to return to the county clerk the statements or schedules required to be returned to them, the property so to be returned and assessed by the assessor shall be listed and assessed as other property."   By section 51 the county clerk is required to procure a record book, in which to enter the railroad property of all kinds, as listed for taxation, and shall enter the valuation as

assessed. He is to extend the taxes on this book against the property. At the proper time "the clerk shall attach a warrant, under his seal of office, and deliver said book to the county collector, upon which the county collector is hereby required to collect the taxes therein charged against railroad property," etc.

Messrs. Sleeper & Whiton, for the plaintiff in error.

Mr. E. R. Bliss, for the defendant in error.

Mr. Chief Justice Sheldon delivered the opinion of the Court:

The statute required the railway company to return and file with the county clerk sworn lists of all its taxable property in Cook county. It did return and file lists of its property, but not of all its property. In that respect it neglected to return to the county clerk the statements or schedules required to be returned to him, in which case the 49th section of the statute made it the duty of the assessor to list and assess this omitted property. This omitted property, then, was rightfully assessed by the assessor. But it is objected against this assessment that the assessor should have listed this omitted property upon the county clerk's copy of the railroad schedule furnished to him, and not upon his general assessment roll. If this be so, it would be but a mere informality in the proceeding of the assessment, and so within section 191 of the Revenue act, that "no error or informality in the proceedings of any of the officers connected with the assessment, levying or collection of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof."

The point is made that the assessor had no authority to list and assess this omitted property without notice to the railroad company, and *Cleghorn* v. *Postlewaite*, 43 Ill. 428,

*McConkey* v. *Smith,* 73 id. 313, and *National Bank of Shaw-neetown* v. *Cook,* 77 id. 622, are referred to as sustaining the position. Those cases are only to the effect that when a person furnishes the assessor with a list and valuation of his property, which is accepted by the assessor without question, the assessor has no power afterward to alter the same without first giving the party assessed notice. But we know of no authority for the position, that if an assessor discovers other property than that listed, he must give the owner notice before he can list and assess it.

It is further contended that the county collector, the defendant here, had no authority to collect these taxes; that the county clerk is required by the statute to enter all kinds of railroad property in his "Railroad Tax Book," and is required to extend all the taxes thereon on that book, and attach to it his warrant, and deliver the book to the county collector; and that this is the only way in which power is conferred on the county collector to collect railroad taxes,—by the warrant of the county clerk attached to the "Railroad Tax Book," and delivered to the county collector; that since the statute gives the county collector, alone, power to collect railroad taxes, and taxes against railroad property have no place on the general tax roll, and can only be extended on the county clerk's "Railroad Tax Book," the fact that this personal property was entered on the general tax roll, and the tax against it extended there, did not give the town collector any power to collect the taxes against it, and so the warrant to the town collector, and his delinquent return, could not confer on the county collector any greater power to collect than the town collector had. This is a question which we do not deem it necessary to determine. This supposed want of power to collect the tax would not be a ground for the interposition of a court of equity, under the decisions of this court. The party must be left to his remedy at law in that respect. We have repeatedly held that a court of equity will not entertain

a bill to restrain the collection of a tax, excepting in cases where the tax is unauthorized by law, or assessed upon property not subject to taxation, or where the assessment or levy has been made without legal authority, or fraud has occurred. *Cook County* v. *Chicago, Burlington and Quincy R. R. Co.* 35 Ill. 466; *Porter* v. *Rockford, Rock Island and St. Louis R. R. Co.* 76 id. 596; *National Bank of Shawneetown* v. *Cook,* 77 id. 622.

We find no error in sustaining the demurrer and dismissing the bill, and the decree is affirmed.

*Decree affirmed.*