GEORGE E. WHITE

*v.*

SAMUEL B. RAYMOND, County Treasurer.

*Opinion filed December 20, 1900.*

TAXES—*refusal or failure of board to hear complaint is not ground for enjoining tax.* The neglect, failure or refusal of the board of review to afford a tax-payer an opportunity to make and urge his objections to his assessment, is not, of itself, ground for enjoining the collection of the tax, since the tax-payer has a remedy at law.

APPEAL from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

MUNN & WHEELER, for appellant.

JULIUS A. JOHNSON, County Attorney, and FRANK L. SHEPARD, Assistant County Attorney, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from the circuit court of Cook county. Appellant filed his bill in equity in the court below to enjoin the collection of taxes assessed for the

year 1899 upon certain real estate owned by him in Cook county. The grounds upon which relief is sought are the over-valuation of the property assessed, and a failure on the part of the board of assessors and board of review to give complainant a proper opportunity to make his objections to such assessment. The cause was heard on bill, answer, replication and proofs, and a decree entered denying the relief prayed and dismissing the bill for want of equity.

We are by no means convinced, from the evidence appearing in the record, that the property was unfairly assessed or that ample opportunity was not afforded the complainant to make his objections before the above named boards if he had diligently sought the opportunity. But, independently of any such consideration, it is clear that no case is made by the bill itself to authorize a court of equity to restrain the collection of the tax. It has long been the established rule in this State that courts of equity cannot be resorted to to enjoin the collection of a tax unless it is shown to have been levied upon non-taxable property or where the tax is unauthorized by law, and, under special circumstances, where property has been fraudulently over-assessed. This bill shows on its face that the real estate in question was at the time liable to taxation, and there is an entire absence of averment of fraud on the part of the officers making the assessment.

The foregoing principle, stated in another way, is, that a court of equity will not interfere with the collection of the public revenues where the party complaining has a complete and adequate remedy at law, and we have frequently held, in harmony with text writers and the decisions of other courts, that where a party is given by law a right to urge objections to assessments against his property before a board of review, it will not be sufficient to justify a resort to a court of equity for relief to allege merely that such board refused, failed or neglected

to afford him an opportunity to make and urge his objection, but that in such case he had an adequate remedy by proper demand and proceeding by *mandamus.* (Cooley on Taxation, sec. 521; High on Ex. Legal Remedies, secs. 139, 140; *Felsenthal* v. *Johnson,* 104 Ill. 21; *Beidler* v. *Kochersperger,* 171 id. 563; *Kochersperger* v. *Larned,* 172 id. 86; *Kinley Manf. Co.* v. *Kochersperger,* 174 id. 379; *New Haven Clock Co.* v. *Kochersperger,* 175 id. 383.) So that if it is true, as alleged by complainant in his bill and claimed to be established by the proofs, that the board of review failed and neglected to afford the complainant a proper opportunity to present and urge the contention that his property had been over-valued by the assessor, he had a remedy by *mandamus* against that board and not in a court of equity.

In any view of the case the decree below was proper, and it will be affirmed.

*Decree affirmed.*