(No. 27654.—

HOWARD AMES, Appellant, *vs.* VICTOR L. SCHLAEGER, County Collector, Appellee.

*Opinion filed March 21, 1944.*

ADELBERT BROWN, of Chicago, for appellant.

THOMAS J. COURTNEY, State's Attorney, (JOSEPH P. BURKE, WILLIAM J. TUOHY, FRANCIS S. CLAMITZ, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellant, Howard Ames, who is the owner of real and personal property in the city of Chicago, instituted a suit in the circuit court of Cook county against appellee, as county treasurer and ex-officio county collector of Cook county, seeking to enjoin the collection of that part of the 1942 taxes which are claimed by him to be illegal. The suit was filed by appellant on behalf of himself and all other real and personal property taxpayers similarly situated. The complaint alleges that a total tax rate of $10.42 on each $100 of assessed valuation was levied for the benefit of Cook county, city of Chicago, Chicago Sanitary District, Chicago Board of Education, Forest Preserve District, and Chicago Park District, against the property of all taxpayers owning real and personal property, and that the total tax rate to the extent of $1.54 thereof is illegal, excessive or void. The taxes are alleged to be illegal because levied for unitemized appropriations, appropriations for noncorporate purposes, appropriations for disburse-

ments by administrative officers or agencies with no reservation of control by the governing body, and appropriations illegally excessive. The complaint also contained a prayer for an injunction restraining the apportionment and distribution among the six above-named taxing bodies of the alleged illegal taxes collected. Appellee moved to dismiss the complaint as not sufficient under the facts therein set up to invoke the jurisdiction of equity, on the grounds, among others, that appellant has a complete remedy at law, and that he is not entitled to maintain this action in behalf of others than himself for the alleged purpose of avoiding a multiplicity of suits. The chancellor sustained appellee's motion and dismissed the complaint for want of equity. Since the revenue is involved, an appeal has been taken direct to this court.

This court, in numerous cases, has recognized the jurisdiction of a court of equity to enjoin the levy, extension or collection of a tax not authorized by law; or assessed upon property exempt from taxation or not subject to the tax imposed; or levied by persons without right or color of authority, either as *de jure* or *de facto* officers; or where fraud, either actual or constructive, intervened in the assessment or levy of the tax; or where a tax was imposed upon an occupation not subject thereto. *Chicago, Burlington and Quincy Railroad Co.* v. *Frary,* 22 Ill. 34; *Schofield* v. *Watkins,* 22 Ill. 66; *McBride* v. *City of Chicago,* 22 Ill. 574; *Munson* v. *Minor,* 22 Ill. 595; *Vieley* v. *Thompson,* 44 Ill. 9; *Wabash, St. Louis and Pacific Ry. Co.* v. *Johnson,* 108 Ill. 11; *Illinois Central Railroad Co.* v. *Hodges,* 113 Ill. 323; *Rosehill Cemetery Co.* v. *Kern,* 147 Ill. 483; *Heinroth* v. *Kochersperger,* 173 Ill. 205; *Knopf* v. *First Nat. Bank,* 173 Ill. 331; *Earl & Wilson* v. *Raymond,* 188 Ill. 15; *White* v. *Raymond,* 188 Ill. 298; *Greenberg* v. *City of Chicago,* 256 Ill. 213; *Herschbach* v. *Kaskaskia Island Sanitary Dist.* 265 Ill. 388; *People's Gas Light and Coke Co.* v. *Stuckart,* 286 Ill. 164; *Bistor* v.

*Board of Assessors,* 346 Ill. 362; *Green* v. *Mail,* 362 Ill. 518; *Pekin Loan Co.* v. *Soltermann,* 365 Ill. 460; *Peoples Store of Roseland* v. *McKibbin,* 379 Ill. 148; *Owens-Illinois Glass Co.* v. *McKibbin,* 385 Ill. 245.

It has also been consistently held by this court that an irregular or erroneous tax, as distinguished from one that is unauthorized and void, will not be enjoined. *Chicago, Burlington and Quincy Railroad Co.* v. *Frary,* 22 Ill. 34; *McBride* v. *City of Chicago,* 22 Ill. 574; *Munson* v. *Minor,* 22 Ill. 595; *Gray* v. *Board of School Inspectors,* 231 Ill. 63; *Michigan Central Railroad Co.* v. *Carr,* 303 Ill. 354; *Owens-Illinois Glass Co.* v. *McKibbin,* 385 Ill. 245.

Both this court and the Supreme Court of the United States have announced the rule that the illegality of a tax will not alone justify the interposition of a court of equity to restrain its collection, and that before relief can be granted by way of injunction there must exist special facts and circumstances which bring the case under some acknowledged head of equity jurisprudence. *Dows* v. *City of Chicago,* 78 U. S. 65, 11 Wall. 108; *Stratton* v. *St. Louis Southwestern Railway Co.* 284 U. S. 530, 52 S. Ct. 222; *Cook County* v. *Chicago, Burlington and Quincy Railroad Co.* 35 Ill. 460; *Beardsworth* v. *Whiteside Drainage Dist.* 356 Ill. 158.

Prior to May 18, 1933, there was no statutory provision for the return of any portion of an illegal tax, and the same could not be recovered unless paid under duress. (*People ex rel. Baird and Warner, Inc.* v. *Lindheimer,* 370 Ill. 424.) When the circumstances were sufficient to constitute duress, the party could not refuse to pay and maintain a suit to enjoin collection, as he was considered to have an adequate remedy by paying the tax and suing at law for its recovery. This was the holding of the Supreme Court of the United States in the case of *Stratton* v. *St. Louis Southwestern Railway Co.* 284 U. S. 530, 52 S. Ct. 222. In that case the District Court of the United

States for the Southern District of Illinois had entered a decree enjoining, as an unconstitutional burden on interstate commerce, the assessment and collection of a franchise tax under the Illinois Corporation Act. The Supreme Court of the United States reversed the decree on the sole ground that inasmuch as payment of the tax, if made by the company to prevent forfeiture of its franchise, was such duress as entitled it to recover the illegal tax in a suit at law, the remedy thus afforded the railway company after paying the tax to sue at law for its recovery was adequate and complete and precluded resort to the preventive jurisdiction of equity to enjoin its collection.

However, as hereinbefore mentioned, prior to May 18, 1933, an illegal tax voluntarily paid, although under protest, could never be recovered. Sections 162 and 191 of the Revenue Act of 1872, as amended May 18, 1933, provided for the recovery of illegal taxes paid on real estate, except in cases where the real estate was not subject to taxation. These sections as amended, which are now, with some changes not here important, sections 194 and 235 of the Revenue Act of 1939, (Ill. Rev. Stat. 1943, chap. 120, pars. 675 and 716,) require, as a condition precedent to the right to file objections against the tax and have a hearing in court, that the objecting taxpayer make written protest, pay seventy-five per cent of the taxes objected to and specify to what part of the taxes thus paid he objects. The collector is required to give duplicate receipts showing what part of the tax is paid under protest and to enter the fact on his return. No objector is permitted to offer any defense to the application for judgment and order of sale of property unless his objection is accompanied by such receipt. Section 195 of the Revenue Act of 1939, (Ill. Rev. Stat. 1943, chap. 120, par. 676,) now in force and effect, is the same as section 162a of the Revenue Act of 1872, and was first enacted in 1937. It gives the privilege of paying under protest personal property taxes claimed

to be illegal and thereafter, within one year, bringing suit in the county court for the return of all or any part of the taxes so paid. Thus the legislature has expressly extended to all taxpayers the privilege of recovering illegal taxes. No longer does the right depend upon payment under duress or compulsion. By statute all real and personal property taxpayers, except where the real estate is not subject to taxation, are now given a complete and adequate remedy in a court of law to compel the refund of taxes illegally exacted.

Appellant, in his prayer for injunction, invokes the jurisdiction of equity to avoid a multiplicity of vexatious litigation. He states that he is one of a large class of real and personal property taxpayers who are affected proportionately alike by the attempted collection of the alleged illegal taxes, and whose rights and interests involve common questions of law and fact. He further sets up that he is prosecuting this suit for the benefit of such persons. Nowhere, however, does the complaint state facts that can be reasonably said to show that a multiplicity of suits will follow if the injunction be not granted. He does not allege that numerous objections will be filed against the taxes, or that numerous suits will be necessary to enforce their collection.

In approving the exercise of equitable powers to restrain the collection of taxes alleged to be illegal, there has not at all times been uniformity in the language of the decisions, but an examination of the many cases where injunction was sought to restrain the collection of a void or unauthorized tax will disclose that usually, if not always, the tax challenged involved the entire item of tax. There can be found no decision of this court where equity by way of injunction has assumed jurisdiction to adjudicate the merits of a multitude of heterogeneous tax objections in order to determine the proper tax rate which should have been extended. Section 18 of article VI of the con-

stitution provides that county courts shall have original jurisdiction in proceedings for the collection of taxes. Sections 194, 195, and 235 of the Revenue Act of 1939 have designated the county court as the specific tribunal for the trial of tax objections. A reading of the complaint shows clearly that it is an attempt to convert a court of equity into a forum for the trial of tax objections contrary to the above-mentioned provisions of the constitution and statute. Eighty-seven separate objections are set forth in the complaint. We cannot escape the conclusion that the complaint shows upon its face that its sole purpose is to evade the statutory requirement concerning payment under protest as a condition precedent to the objection to taxes. Equity will not, under the guise of enjoining the collection of an illegal tax, usurp the jurisdiction belonging to the county court in matters concerning the collection of and objections against taxes.

The question of whether, in a particular case, equity will assume jurisdiction depends always upon the merits of the particular case as disclosed by the facts and circumstances set up in the complaint. Neither precedent nor reason warrant the use of the writ of injunction in the case before us. To permit tax objections under such circumstances to be tried by injunction would hopelessly disrupt the orderly administration of the tax-collecting machinery, thereby embarrassing and deranging the operations of the government and causing serious detriment to the public. The extraordinary power of injunction, for cogent reasons of public policy, should be exercised very cautiously when important public interests are involved. (*Gray* v. *Board of School Inspectors,* 231 Ill. 63.) The allegations of the complaint in the case before us show clearly that equity has no jurisdiction to entertain this suit. The chancellor rightfully dismissed the complaint and the decree of the circuit court will be affirmed.

*Decree affirmed.*