(No. 36318.

FORREST D. HODGE *et al.,* Appellants, *vs.* WILLIAM E. GLAZE, Town Collector, *et al.,* Appellees.

*Opinion filed May 19, 1961.*

R. Garrett Phillips, of Springfield, for appellants.

Raymon Terrell, State's Attorney, and Thomas W. Hoopes, both of Springfield, for appellees.

Mr. Justice Daily delivered the opinion of the court:

This action was filed in the circuit court of Sangamon County by Forrest D. Hodge, Paul L. Bitschenauer, Roy G. Blauvelt, A. J. Davis, L. C. Owens, and Paul W. Terril, individually and as representatives of all similarly situated taxpayers of Woodside Township, to enjoin William E. Glaze, town collector of Woodside Township, Joseph H. Kohorst, county treasurer of Sangamon County and ex-officio supervisor of assessments, Robert M. Watson, chairman of the Sangamon County board of review, Reed M. Perkins, and Charles G. Tisckos, members of the Sangamon County board of review, from collecting and distributing that portion of the general property tax for the year 1959 resulting from the application of a multiplier of 1.2048 placed on all Woodside Township real-estate assessments. Upon defendants' motion the chancellor dismissed the complaint for want of equity and, the revenue being involved, direct appeal has been prosecuted to this court.

The complaint alleged that on January 19, 1960, the Sangamon County board of review published a notice in a Springfield newspaper advising Woodside Township prop-

erty owners of the board's intent to thereafter establish a multiplier of 1.2048 for the assessment of all real estate in the township and of the owners' right to present reasons or facts in opposition thereto at any time prior to February 13, 1960. Hearings upon objections to the proposed multiplier were subsequently held by the board of review, after which on March 10, 1960, a multiplier of 1.2048 was applied to all 1959 real-estate property assessments in Woodside Township. At the same time the board reduced the assessed valuations of certain lake-leasehold property and other lands referred to as The Fox Meadows real estate, both situated in Woodside Township, by 17% and 13.2%, respectively, and imposed a multiplier of 1.1128 upon all Springfield Township real estate. No multiplier was applied to the remaining 25 townships of Sangamon County.

The complaint further alleged that the multiplier was unauthorized because the board of review was required by statute to adjourn on December 31, 1959, which was prior to the date the multiplier was adopted; the Department of Revenue had ordered no reassessment; the board of review had refused to grant a one-year delay in the application of the multiplier; the statistics used by the board of review in determining the multiplier were for the period from April 1, 1957, to March 30, 1958, rather than from April 1, 1958, to March 30, 1959, as required by law; multipliers were assigned to only two of the twenty-seven townships in Sangamon County; the board, by reducing the assessments for the leasehold and Fox Meadows real estate at the time the multiplier was imposed, in essence assigned three different multipliers to the Woodside Township property; no proper county-wide assessment ratio was ever determined; the board of review failed to make a timely report of their equalizing activities to the Department of Revenue; the multiplier did not apply to personal property as well as real estate; the board's action was arbitrary, discriminatory,

and unconstitutional; and that unless collection of taxes created by the multiplier was enjoined plaintiffs would suffer substantial financial injury, would be forced to bring a multiplicity of ineffectual suits, and were without adequate remedy at law.

A temporary injunction was issued restraining the defendants, William E. Glaze and Joseph H. Kohorst, from disbursing the excess taxes received by reason of the multiplier, and thereafter defendants filed a motion to dismiss for the reason that the complaint failed to allege grounds for equitable relief or state a cause of action. Upon hearing, plaintiffs' complaint was dismissed but the temporary injunction was allowed to remain in effect pending final determination by this court.

Before considering the alleged irregularities urged by the plaintiffs, we must first determine whether, even if such allegations are considered as true, the circumstances of the present case are such as to warrant equitable intervention and relief. The rule is that unless there exists special grounds for equitable jurisdiction, such as fraud, irreparable injury, or the absence of an adequate remedy at law, equity will act to enjoin the collection of a tax only if the tax is without legal basis, is levied by officials without authority to act, or is laid upon exempt property. (*Lakefront Realty Corp.* v. *Lorenz,* 19 Ill.2d 415; *Owens-Illinois Glass Co.* v. *McKibbin,* 385 Ill. 245; *Ames* v. *Schlaeger,* 386 Ill. 160.) Such relief will not be granted where mere irregularities are alleged to have occurred or where the proceeding is to correct an erroneous assessment or to question its amount. (*Goodyear Tire and Rubber Co.* v. *Tierney,* 411 Ill. 421; *Lakefront Realty Corp.* v. *Lorenz,* 19 Ill.2d 415.) It is the lack of authority to levy the tax, not its illegality, that forms the basis for equitable jurisdiction. (*Lackey* v. *Pulaski Drainage Dist.* 4 Ill.2d 72; *Ames* v. *Schlaeger,* 386 Ill. 160.) Equitable relief has been granted to prevent the imposition

of the retailers' occupation tax upon an exempt occupation, (*Owens-Illinois Glass Co.* v. *McKibbin,* 385 Ill. 245,) or the enforcement of a tax against an individual for property which he did not own, (*Kelly* v. *Jones,* 290 Ill. 375,) but it has been denied where the suit was based upon an alleged failure to follow the statute in making the assessment, (*Bistor* v. *Board of Assessors,* 346 Ill. 362,) upon an improper annexation to the taxing district (*Lackey* v. *Pulaski Drainage District,* 4 Ill.2d 72,) upon disproportionate assessments within the same township, (*Budberg* v. *County of Sangamon,* 4 Ill.2d 518,) and upon excess levies by the taxing officials. *Lakefront Realty Corp.* v. *Lorenz,* 19 Ill.2d 415.

In presenting their case before this court, plaintiffs do not contend that any special grounds for equitable relief exist, that township tax multipliers are unauthorized generally, that defendants were not the duly constituted taxing officials, or that plaintiffs' property was in any manner exempt from taxation. Rather they insist that the Sangamon County board of review, in establishing the Woodside Township multiplier, did not comply with the applicable statute. Ill. Rev. Stat. 1959, chap. 120, par. 589.1.

Thus, the issue here concerns, not the lack of authority, but the exercise of that authority by the duly constituted taxing officials, and in our opinion is not sufficient to justify equitable intervention. Because of our decision, it is unnecessary at the present time to consider the specific tax irregularities claimed by the plaintiffs. For the reason stated, the decree of the circuit court of Sangamon County is affirmed, and the temporary injunction entered in the cause is dissolved.

*Decree affirmed.*