(No. 42053.—

THE PEOPLE *ex rel.* Sue Williams, Appellant, *vs.* RAY McDONALD, County Clerk, *et al.,* Appellees.

*Opinion filed January 28, 1970.*

WILLIAM A. REDMOND, of Bensenville, (FRANCIS X. RILEY, of counsel,) for appellant.

WILLIAM V. HOPF, State's Attorney, of Wheaton, (JAMES K. YOUNG, Assistant State's Attorney, of counsel,) for appellees.

Mr. JUSTICE CREBS delivered the opinion of the court:
Sue Williams brought this action on behalf of herself and all other taxpayers in Addison Township to enjoin the Du Page County clerk and the *ex officio* county collector from extending and collecting a special road tax levy of the township highway commissioner pursuant to section 6—601

of the Illinois Highway Code. (Ill. Rev. Stat. 1967, ch. 121, par. 6—601.) The circuit court of Du Page County granted defendant's motion to dismiss the complaint. Revenue is involved and plaintiff appeals directly to this court under Rule 302(a).

A petition was filed with the town clerk of Addison Township asking that a vote be taken at the next annual town meeting for or against an annual tax, not to exceed .167 cents on each $100 of the full, fair cash value as equalized or assessed by the Department of Revenue for the purpose of constructing or improving and maintaining all township roads. The petition bears the names of 34 persons purporting to be land owners and legal voters of the township. The verification of the circulator printed at the bottom of the petition was not signed. A vote on the tax was taken at the annual town meeting and the proposition for the special road tax carried.

It is alleged in the complaint and on appeal that the tax is illegal, improper and void because the petition was not signed by the circulator in the manner and form as required by law, because the petition did not contain the signatures of 25 legal voters, and because the petition did not state the location and route of the proposed road or roads to be improved and maintained. Because of the numerous decisions of this court dealing with the propriety of enjoining the collection of taxes, we consider first the principles established by those decisions.

Equity will not act to enjoin the collection of a tax unless the tax is imposed upon exempt property (*American College of Surgeons* v. *Korzen,* 36 Ill. 2d 340; *Springfield Housing Authority* v. *Overaker,* 390 Ill. 403; *City of Mattoon* v. *Graham,* 386 Ill. 180), or is not authorized by law (*Owens-Illinois Glass Co.* v. *McKibbin,* 385 Ill. 245; *Searing* v. *Heavysides,* 106 Ill. 85), or is levied upon a fraudulently excessive valuation. (*Ames* v. *Schlaeger,* 386 Ill. 160; *Bistor* v. *McDonough,* 348 Ill. 624.) Since it is not alleged

that plaintiff's property is exempt from taxation or that it has been assessed with a fraudulently excessive valuation, the issue is whether the tax is one authorized by law. Three of the most recent cases dealing with this issue are *Hodge* v. *Glaze*, 22 Ill. 2d 294, *Lakefront Realty Corp.* v. *Lorenz*, 19 Ill. 2d 415, and *Lackey* v. *Pulaski Drainage Dist.*, 4 Ill. 2d 72.

In *Lackey* the taxpayers were landowners of territory which had been annexed to a drainage district. Their complaint alleged the drainage district assessment against their property was illegal and void because numerous statutory requirements had not been met before entry of the order annexing the property to the district. In rejecting the contention that the tax was not authorized by law, we stated: "They [the taxpayers] have by their proof shown not the absence of statutory authorization for the original imposition of this tax, but rather, if anything, they have shown that the classification and levying of this assessment was done pursuant to statutory authorization but in an irregular and erroneous manner." 4 Ill. 2d 72, 78.

In *Lakefront Realty Corp.* the taxpayer sought to enjoin the county treasurer from disbursing allegedly excessive taxes. It was argued that .022% of the total county rate of .282% had been levied to produce revenue for the corporate fund in excess of the appropriated needs and that this excess was an unauthorized tax. We first observed: "While it may be conceded that the end product of a levy that produces taxes palpably in excess of need has at times been variously described as a 'void' tax, [citation] or as an 'illegal' tax, [citation] it does not necessarily follow that equity will or must intervene." (19 Ill. 2d 415, 419.) We then held: "In view of the express statutory authority given the county officials to make the estimates in question, as well as the judicial construction which has been placed upon such grant of authority, it is manifest that the issue here pertains to an erroneous or irregular tax. The power to levy the tax was

not wanting, nor was the tax illegal *per se,* and the sole question for determination is whether, under the facts and circumstances peculiar to this case, the county officials made a mistake in judgment and abused their discretion in making the challenged estimates as they did." 19 Ill. 2d 415, 421.

In *Hodge* the taxpayers sought to enjoin the town collector and various county officials from collecting and distributing that portion of the general property tax resulting from the application of a multiplier of 1.2048 placed on real estate assessments in the township in which they lived. It was alleged that the board of review had failed to comply with numerous statutory requirements in applying the multiplier. In holding that the increased tax produced by application of the multiplier was not an unauthorized tax, we stated: "In presenting their case before this court, plaintiffs do not contend that any special ground for equitable relief exists, that township tax multipliers are unauthorized generally, that defendants were not the duly constituted taxing officials, or that plaintiffs' property was in any manner exempt from taxation. Rather they insist that the Sangamon County board of review, in establishing the Woodside Township multiplier, did not comply with the applicable statute. [Citation] Thus, the issue here concerns, not the lack of authority, but the exercise of that authority by the duly constituted taxing officials, and in our opinion is not sufficient to justify equitable intervention." 22 Ill. 2d 294, 298.

Here a petition was filed requesting a vote on the special road tax, the election was held and the proposition carried. The proper taxing authorities thereafter made the special road tax levy at a rate permitted by statute. Under the rationale of *Lackey, Lakefront Realty Corp.* and *Hodge* the tax in question was authorized to the extent that equity will not intervene to enjoin its collection. We, of course, express no opinion as to whether the levy was made in an irregular or erroneous manner. If the tax levy was in fact

made in an irregular or erroneous manner, the plaintiff has an adequate statutory remedy. *Lakefront Realty Corp.* v. *Lorenz*, 19 Ill. 2d 415; *Ames* v. *Schlaeger*, 386 Ill. 160.

The plaintiff tacitly concedes that the general rule is applicable when she argues: "Striking complaints and dismissing defendants for want of jurisdiction in cases involving the levy, extension and collection of taxes in Illinois is an anachronism." She argues that the general rule should no longer be followed because the circuit court has had unlimited jurisdiction of all justiciable matters since January 1, 1964, the effective date of article VI of our constitution.

The reason for denying equitable relief in this type of case was stated in *Ames* v.*Schlaeger*, 386 Ill. 160. "The question of whether, in a particular case, equity will assume jurisdiction depends always upon the merits of the particular case as disclosed by the facts and circumstances set up in the complaint. * * * To permit tax objections * * * to be tried by injunction would hopelessly disrupt the orderly administration of the tax-collecting machinery, thereby embarrassing and deranging the operations of the government and causing serious detriment to the public. The extraordinary power of injunction, for cogent reasons of public policy, should be exercised very cautiously when important public interests are involved." (386 Ill. 160, 166.) The fact that the circuit court now has unlimited jurisdiction of all justiciable matters does not detract from the sound policy considerations for generally denying injunctive relief against the collection of a tax.

We are of the opinion that the circuit court of Du Page County properly dismissed the complaint for injunction. The decree is accordingly affirmed.

*Decree affirmed.*