DON W. STRAHAN et al., Plaintiffs-Appellants, v. RAY MacDONALD, County Clerk of Du Page County, et al., Defendants-Appellees.—(RICHARD S. NEWBERRY et al., Petitioners for Intervention-Appellants.)

Second District (2nd Division) No. 74-427

Opinion filed April 15, 1976.—Rehearing denied May 28, 1976.

Robert S. Cushman and Minard E. Hulse, Jr., both of Price, Cushman, Keck, Mahin & Cate, of Chicago, for appellants.

John C. Bowman, State's Attorney, of Wheaton (James F. Campion, Assistant State's Attorney, of counsel), for appellees.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court: Plaintiffs, representing themselves and all other persons owning Du Page County property within various taxing districts which overlap into other counties, filed a complaint in which they prayed: (1) that the 1973 real property tax bills previously issued by defendant, Du Page County, to plaintiffs and the class they represent be declared void; (2) that the defendant county treasurer, James H. Clark, be enjoined from collecting these taxes from plaintiffs, and (3) that, pending a final determination of the suit, the court impound all tax funds in question which have been and may be paid by the class and, at the conclusion of the action, the excess

portion of the taxes collected be refunded to the class members who have made the payments.

In support of this prayer, plaintiffs alleged that pursuant to section 164a of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, §645a)[1] more than 25 interested taxpayers made a written request to the Department of Local Government Affairs to apportion the burden of taxation to the overlapping taxing districts in question. Although it was the duty of the defendant county clerk to await the certification of the Department of Local Government Affairs as to the amounts he was to extend to the plaintiff class, he failed to await this certification and instead extended amounts in excess of those subsequently certified. It was further alleged that defendant county treasurer issued to plaintiffs and the class they represent tax bills which included the excess. Finally, plaintiffs claim that they were entitled to the equitable relief sought because the remedy of law was inadequate as its pursuit would result in a multiplicity of suits.

After this complaint was filed, plaintiffs filed several motions. They first moved to have the court issue a temporary restraining order enjoining the distribution of 30% of the total 1973 tax funds, since the taxes in question were collected by the defendants after the filing of the complaint. Plaintiffs' next motion sought to amend their complaint to reflect the excess amount collected. Several other taxpayers sought to join the plaintiffs in the suit by filing a motion for leave to intervene. All of these motions were denied, and, in response to a motion made by the defendant, the court ordered that the cause be dismissed with prejudice because plaintiffs failed to present grounds upon which equitable relief could be granted.

Plaintiffs and the persons who sought leave to intervene now appeal from the court's denial of the motion to amend the complaint, the motion to intervene, the motion for the temporary restraining order and from the court's order dismissing the suit.

■■ ■ Generally, equity will not intervene in the field of taxation unless there is an inadequate legal remedy and there exists an independent ground for equitable jurisdiction, a ground such as a fraudulently excessive assessment. (*Clarendon Associates v. Korzen*, 56 Ill. 2d 101, 107 (1973). See also *Lakefront Realty Corp. v. Lorenz*, 19 Ill.

---

[1] Section 164a, in applicable part, provides that on the request of 25 or more interested taxpayers, the Department of Local Government Affairs shall: (1) cause an assessment ratio study to be made of each township in which each of the overlapping tax districts lie; (2) cause the County Clerk in each county in which the overlapping districts lie to certify the portion of the assessment value of each overlapping district which lies in each township of the county; (3) cause the proper authorities of each overlapping district to certify the amount which needs to be raised by taxation upon all the property located within each district and the maximum rate allowed. The Department shall then apportion the amount to be raised throughout each district so that all the property in each district is taxed as if all of the property had been assessed at the same proportion of actual value.

2d 415, 418 (1960).) While plaintiffs allege that the remedy at law is inadequate, they fail to allege that the assessment was the result of actual fraud or that the excessive amount was so great as to constitute constructive fraud. (See *Lakefront Realty Corp.*, 19 Ill. 2d 415, 421.) Plaintiffs do not allege any other independent grounds for equitable relief. An adequate remedy at law was available to them by which they could contest this tax: they could have paid the contested taxes under protest and then filed objections to the application for judgment. (See Ill. Rev. Stat. 1973, ch. 120, §§ 675, 716.) Thus, plaintiffs did not meet the requisites of the general rule. There are, however, two exceptions to this general rule. If the tax is unauthorized or if the property subject to the tax is exempt from taxation, the legal remedy need not be inadequate for equitable jurisdiction to exist. (*Clarendon Associates.*) While plaintiffs do not allege that the tax was levied upon exempt property, they do contend that the excess was wholly unauthorized, thus attempting to bring their complaint within the second exemption. There is no merit to this contention for plaintiffs only contest the excess amount and do not claim that the entire tax was unauthorized. A contest to a portion of a tax has uniformly been held not to satisfy this exception. See *e.g.*, *Lakefront Realty Corp.*, 19 Ill. 2d 415, 419-20; *Ames v. Schlaeger*, 386 Ill. 160, 163 (1944); *Hulse v. Kirk*, 28 Ill. App. 3d 839, 844 (1975).

We affirm the trial court's dismissal of this action.

Affirmed.

RECHENMACHER, P. J., and DIXON, J., concur.