*In re* APPLICATION OF COUNTY TREASURER.—(THE PEOPLE *ex rel.* RANDALL WALLACE, County Treasurer, Respondent-Appellee, *v.* CHARLES E. WILLIS, Objector-Appellant.)

Fourth District   No. 14401

Opinion filed October 21, 1977.

Massey, Anderson & Gibson, of Paris (Richard L. James, of counsel), for appellant.

Peter T. Dole, State's Attorney, of Paris, for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

Charles E. Willis paid his 1975 general taxes under protest and thereafter filed objections in the circuit court of Edgar County. The county treasurer, through the State's Attorney, filed a motion to dismiss and the court allowed the motion. This appeal followed.

The basis of the motion was that the taxpayer had not pursued his administrative remedy through the board of review of Edgar County as provided in section 108 of the Revenue Act of 1939 (Ill. Rev. Stat. 1975, ch. 120, par. 589(4)). The principal attack made in the objections was that

the taxpayer had received no notice of an increase in assessed valuation of his property.

A conference among court and counsel was held on the objections and while the record is not absolutely clear, it appears that the subject of notice was raised in the conference and information was adduced that general notice had been published in a local newspaper and that individual notices had been mailed to the addresses of record of taxpayers concerned.

In this court Willis admits that no complaint was filed with the board of review but claims that allegations of overassessment and lack of notice are sufficient to invoke the equitable powers of the court. We disagree.

■■ In a long line of cases going back to *Spencer v. People* (1873), 68 Ill. 510, through to the present era (see, for example, *In re Application of Korzen* (1974), 20 Ill. App. 3d 531, 314 N.E.2d 593), the Illinois courts have held that there is no right to judicial review of assessments, even fraudulent assessments, until the administrative remedy has been exhausted. One exception to this doctrine has been recognized: A judicial review is permitted where .the taxpayer has been deprived of his administrative remedy through fraud on the part of the administrative officials. *Aldrich v. Harding* (1930), 340 Ill. 354, 172 N.E. 772.

In all cases involving fraud the facts which are the basis of the allegation must be stated; legal conclusions are insufficient. Equity will never presume fraud and hence specific facts, not general terms, are required.

■■ Tested by these fundamental principles, the complaint in this case falls far short of meeting the threshhold requirements. Nowhere is it alleged how the taxpayer was deprived of notice or why it was impossible, if such be the case, to obtain a hearing before the board of review. Nor does the record contain even the sketchiest factual information as to why the valuation may be excessive; no appraisals of market value, not even valuations of the property prior to the year in question.

The taxpayer-objector places great reliance on *Hoyne Savings & Loan Association v. Hare* (1974), 60 Ill. 2d 84, 322 N.E.2d 833, for the proposition that a court should look to the merits of a tax objection before dismissing it for failure to exhaust the administrative remedy. We do not view *Hoyne* so broadly. There the taxpayer filed suit concerning 1971 and 1972 taxes. The supreme court allowed the suit as to the 1971 taxes on account of "unusual circumstances," *i.e.*, a "dramatic" increase in valuation, the extremely late date for completing assessments, actual notice after the board of review had closed its books. The supreme court denied relief as to the 1972 taxes because the taxpayer "elected not to

pursue the remedy provided by statute." 60 Ill. 2d 84, 91, 322 N.E.2d 833, 837.

*Hoyne* is altogether in comity with the general rule mentioned above that specific facts, not general conclusions, are required in a tax objection case. Willis' reliance on *Hoyne* is misplaced.

■■■ In a case similar to the one at bar the Illinois Supreme Court made a terse summary of this doctrine:

> "Appellants here made no attempt to compel the board of review to give them a hearing upon their complaint, and no showing is made that they were prevented from pursuing this remedy by fraud, accident or mistake. Under repeated decisions of this court they thereby waived their right to question the alleged over-assessment in the county court upon application of the county collector for judgment.* * * Appellants were provided with a statutory remedy, which they could not ignore and later seek to interpose an alleged excessive or discriminatory assessment of their property as a defense to an action in the county court for the recovery of the delinquent taxes." *People ex rel. Brittain v. Outwater* (1935), 360 Ill. 621, 624, 196 N.E. 835, 836-37.

We find no error in the allowance of the motion to dismiss and therefore the judgment of the trial court is affirmed.

Affirmed.

CRAVEN, P. J., and GREEN, J., concur.