(No. 50129

THE PEOPLE *ex rel.* JAMES E. BOYLAN, County Treasurer, Appellant, v. ILLINOIS CENTRAL GULF RAILROAD COMPANY *et al.,* Appellees.

*Opinion filed September 19, 1978.*

388

CLARK, J., took no part.

Ronald C. Dozier, State's Attorney, of Bloomington (Danny J. Leifel, Assistant State's Attorney, of counsel), for the People.

Martin, Craig, Chester & Sonnenchein, of Chicago, and Springfield (Charles G. Chester, Willard Ice, and Rodney W. Osborne, of counsel), for appellees.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

The county treasurer and *ex officio* county collector of McLean County filed suit in the circuit court of that county seeking judgment for real property taxes due for the year 1974 and paid under protest by the defendant railroad companies (Ill. Rev. Stat. 1973, ch. 120, pars. 675, 706). The railroads have raised no issue as to the amount of the original assessment of their property. Rather, it is their contention that these assessments were not equalized as required by section 80 of the Revenue Act of 1939, as amended (Ill. Rev. Stat. 1973, ch. 120, par. 561). This failure to properly equalize is alleged to constitute fraudulent discrimination against the railroads in that they are required to pay more than their fair share of taxes in McLean County. Based upon uncontradicted evidence presented by the railroads, the circuit court found the railroads' property had been assessed at 50% of its actual value contrary to section 80, which requires such property to be assessed at the same percentage of fair cash value as the statewide average percentage applicable to locally assessed property, which for 1974 was 31%. The circuit court found this discrepancy between 31% and 50% to be constructively fraudulent and ordered the collector to refund the excess amount paid by the respective railroads due to the higher percentage assessment. A divided Appellate Court for the Fourth District affirmed

(52 Ill. App. 3d 787), and we granted leave to appeal.

The collector presented no evidence on the substantive merits of the controversy and does not now contest the specific findings of the circuit court. Rather, the collector contends the trial court erred in failing to grant his "motion to dismiss for want of jurisdiction." This motion asserted the circuit court lacked jurisdiction to· entertain this tax-objection proceeding because the Department of Local Government Affairs' failure to properly equalize the assessment was a final administrative decision judicially reviewable only under the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 264 *et seq.*). The collector asserts that section 138 of the Revenue Act (Ill. Rev. Stat. 1973, ch. 120, par. 619) makes the Administrative Review Act applicable, and that section 2 of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 265) makes it the exclusive method of review. Thus, the issue before us is whether the tax-objection procedure here employed is a proper remedy in a case involving alleged fraudulent discrimination in the statewide equalization of railroad assessments, or whether this procedure is precluded due to the applicability and exclusivity of the Administrative Review Act. We believe the tax-objection procedure is proper.

It is clear that there are two separate and distinct steps in the taxing process here in question. The first step is the original assessment of the property involved, and the second is the equalization of that assessment. (Ill. Rev. Stat. 1973, ch. 120, par. 561; see *People ex rel. Little v. Collins* (1944), 386 Ill. 83, 97.) The collector maintains that section 138 of the Revenue Act (Ill. Rev. Stat. 1973, ch. 120, par. 619), which provides for review of "all final administrative decisions of the Department" under the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 264 *et seq.*), applies to both steps in this process and is thus the sole method available to obtain judicial review

of either departmental action.

This court has recognized that the reference to the Administrative Review Act in section 138 of the Revenue Act applies to the Department's original assessment function and thus that assessment is exclusively reviewable under the Administrative Review Act. (*E.g., People v. Scudder Buick, Inc.* (1971), 47 Ill. 2d 388; *People ex rel. Chicago & North Western Ry. Co. v. Hulman* (1964), 31 Ill. 2d 166.) However, this court has also held that notwithstanding the language of section 138, the Department's equalization function is properly challenged in tax-objection proceedings where constructive fraud is alleged. (*E.g., People ex rel. Cain v. Illinois Central R.R. Co.* (1965), 33 Ill. 2d 232; *People ex rel. Kohorst v. Gulf, Mobile & Ohio R.R. Co.* (1961), 22 Ill. 2d 104; *People ex rel. Hillison v. Chicago, Burlington & Quincy R.R. Co.* (1961), 22 Ill. 2d 88.) The reasons for this dichotomy, which emanate from the statutory language and context, are clearly stated in the *Hillison, Kohorst* and *Cain* opinions and thus need not be repeated here. We add, however, that the original assessment function is a complex procedure involving employment of the Department's expertise and is therefore susceptible to meaningful judicial review as envisioned in the Administrative Review Act. Conversely, the equalization function is purely a mathematical operation which does not involve discretionary judgment factors (Ill. Rev. Stat. 1973, ch. 120, par. 561); thus there would apparently be less value, aside from consistency and uniformity, in the legislature's affording judicial review of this function under the Administrative Review Act.

The collector contends, however, that *Hillison, Kohorst* and *Cain* are no longer controlling authority due to a subsequent legislative change in section 80 of the Revenue Act (Ill. Rev. Stat. 1973, ch. 120, par. 561). The collector relies upon an amendment approved August 26,

1963, which provides:

> "The Department shall determine the equalized assessed value of the property of every railroad company, other than non-carrier real estate, by applying to its determination of the fair cash value of such property of every railroad company an equalization factor, which factor shall be the statewide average ratio of the equalized assessed value of locally assessed property to the full, fair cash value of such locally assessed property." (1963 Ill. Laws 3422, 3423.)

Our reading of this amendment indicates that its purpose was two-fold: (1) to require equalization of the railroads' assessment in relation to the locally assessed property as this court held was required in *People ex rel. Kohorst v. Gulf, Mobile & Ohio R.R. Co.* (1961), 22 Ill. 2d 104, and *People ex rel. Hillison v. Chicago, Burlington & Quincy R.R. Co.* (1961), 22 Ill. 2d 88; and (2) to change the method of computing the equalization factor from the county-by-county average ratio previously employed to a statewide average ratio. The same two-step taxing process of the Department, assessment followed by equalization, remains intact. The application of a statewide equalization factor merely shifts the basis used in equalizing the railroads' assessment; it does not change the nature of the Department's equalization function. Nor is there in that amendment any indication of an intent to modify the *Kohorst, Hillison* and *Cain* holdings and make the performance of the equalization function reviewable under the Administrative Review Act. In fact, in affirming the earlier holding of *People ex rel. Callahan v. Gulf, Mobile & Ohio R.R. Co.* (1956), 8 Ill. 2d 66, that the tax-objection procedure was an appropriate means of review, the *Hillison* court expressly noted that "[i]f our opinion in that case [*Callahan*] overlooked or misconceived the legislative intent, no attempt has since been made by the legislature to set us right." (22 Ill. 2d 88, 95.) Similarly, none of the numerous legislative sessions since those decisions has

produced any change in this court's original interpretation of the administrative review provisions of section 138. "It is axiomatic that where a statute has been judicially construed and the construction has not evoked an amendment, it will be presumed that the legislature has acquiesced in the court's exposition of the legislative intent." *People v. Hairston* (1970), 46 Ill. 2d 348, 353; *cert denied* (1971), 402 U.S. 972, 29 L. Ed. 2d 136, 91 S. Ct. 1658; see also *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 172.

We add that were the collector's claim correct, the Administrative Review Act would have been the sole and exclusive method of obtaining judicial review of equalization actions since the 1964 tax year. There is no evidence that this has occurred. Further, we note that the railroads express valid concerns regarding the adequacy of notice provisions and the absence of time provisions in the statutory equalization scheme if the Administrative Review Act were to apply. These problems must be legislatively addressed before the Administrative Review Act can become a viable method of obtaining review. These factors lend further support to our conclusion that *Hillison, Kohorst* and *Cain* remain as controlling authority and thus the Administrative Review Act is not applicable to the Department's equalization function.

Our decision today does not affect this court's opinion in *Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350. In that case this court eliminated the judicially created *Owens* exceptions which had allowed a taxpayer to seek judicial relief under certain circumstances even though administrative review had not been exhausted. This court believed that result "to be a logical extension of the exhaustion doctrine in furtherance of the legislative goals evidenced by the adoption of the Administrative Review Act." (*Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 359.) The reasoning of *Illinois Bell*

is to some extent applicable here, and, as is emphasized by the collector, judicial review under the Administrative Review Act of the equalization function would avoid the possibility of repetitious attacks in multiple counties. This case is, however, clearly distinguishable in that precedent established the inapplicability of the Administrative Review Act to the Department's equalization function in the first place. We are not here asked, as was this court in *Illinois Bell,* to eliminate recognized equitable exceptions to the applicability of the Administrative Review Act. Instead, we are asked to extend the Act itself, to apply it to an area previously not included. That decision is clearly the responsibility of the General Assembly.

Accordingly, we adhere to the rationale of this court's *Hillison, Kohorst* and *Cain* decisions holding the Department's equalization function properly reviewable in tax-objection proceedings. The judgment of the circuit court is supported by uncontradicted evidence and was properly affirmed by the appellate court.

*Judgment affirmed.*

MR. JUSTICE CLARK took no part in the consideration or decision of this case.