CHRYSLER CORPORATION, Plaintiff-Appellant, *v.* ELIZABETH H. GUNDERSON, Boone County Treasurer and Collector, *et al.*, Defendants-Appellees.

Second District   No. 79-229

Opinion filed October 19, 1979.

Elmer C. Rudy and Karl C. Williams, both of Williams, McCarthy, Kinley, Rudy & Picha, of Rockford, for appellant.

John H. Maville, State's Attorney, David A. Englund, Assistant City Attorney, Stanley A. Hetzler, and Johnson, Johnson, Tobin & Ramon, all of Belvidere, for appellees.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

On March 16, 1979, the Boone County Property Tax Board of Review assigned Chrysler Corporation's Belvidere auto plant an assessed valuation of $21,400,000 for the year 1978. The board stated that this figure was based on the characterization of the plant as a "special use facility." Chrysler filed a complaint for injunction, seeking to enjoin the Boone county clerk and the Boone county treasurer from extending and collecting 1978 real estate taxes against Chrysler on an assessed valuation in excess of $8,333,330. After the city of Belvidere and Community School District #100 were granted leave to intervene as defendants, the city and the original defendants filed motions to dismiss the complaint. On May 2, 1979, the trial court granted the original defendants' motions to dismiss but made no express ruling on the city of Belvidere's motion. Chrysler has filed a timely appeal.

Chrysler's contention that it is entitled to equitable relief is tied to a long standing dispute with the local taxing bodies as to how the plant should be valued. For a number of years the assessed valuation of the plant has been approximately $21,000,000, based on the theory that it is a "special use" or "special purpose" property with a total value of over $60,000,000. However, on March 14, 1979, this court filed its opinion in the case of *Chrysler Corp. v. State Property Tax Appeal Board* (1979), 69 Ill. App. 3d 207, 387 N.E.2d 351, *appeal denied* (1979) ___Ill. 2d___, dealing with the assessment of the same property for the taxable year 1972 in which we held that the Property Tax Appeal Board's characterization of the property as "special purpose" property was incorrect as a matter of law and that comparative sales had to be considered in any valuation of the plant. We did not fix the amount of the assessment to be applied in the decision but did note that the opinions of experts who had taken comparative sales into account, and who had valued the plant at between $23,000,000 and $28,000,000, had to be given great weight.

In essence, Chrysler's position is that because this court has ruled that the valuation of the plant on the basis of a special purpose characterization is incorrect, the taxing bodies should be forced to avoid this characterization in making their assessments for the taxable year 1978 and urges that a $25,000,000 total valuation be used for 1978, leaving an assessed valuation of approximately $8,333,330. Chrysler suggests this only as a temporary figure to be used to determine the taxes that should be paid immediately. A final figure would be ascertained by the State Property Tax Appeals Board, which would have both our decision and the factual evidence in the record before it. At that point, suggests Chrysler, further payments or refunds could be made. The defendants

contend, simply, that Chrysler has no right to the equitable relief sought because it has an adequate remedy or remedies at law.

■ As a general rule our courts have frowned upon making equitable remedies available to taxpayers who think that their taxes are too high. This is at least in part due to the high policy value placed on not interfering with the orderly collection of taxes. Thus in most situations equity will grant relief only if two requirements are met. There must be both a special ground for equitable jurisdiction, such as a fraudulently excessive assessment exists, *and* an adequate remedy at law is not available. (*Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 306 N.E.2d 299.) While there are exceptions to this double requirement, they are not applicable to cases like the one before us which are covered by the Administrative Review Act. See *Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 326 N.E.2d 737.

The facts do show a special ground for equitable jurisdiction. The property is being taxed in a manner directly contradictory to our opinion in the earlier Chrysler case. Thus, the central issue herein concerns the second requirement: whether Chrysler has an adequate remedy at law. We hold that it does and therefore affirm.

■■ Chrysler has two remedies at law. First, it can pay taxes under protest when it receives its tax bill, file its objection to the application of the county collector when it is filed in December or January, and eventually have a hearing before the trial court where, if the principles set forth in our earlier Chrysler opinion are followed, it will receive a refund of the excess taxes paid. Second, Chrysler can file a petition with the State Property Tax Appeals Board. (See Ill. Rev. Stat. 1977, ch. 120, par. 592.4.) This procedure also requires Chrysler to pay the tax and receive a refund after a hearing.

■■ Chrysler admits that these legal remedies exist, but contends they are not adequate. Its first argument relates to the time the legal remedies would take and the fact that the taxing bodies rather than Chrysler would have the use of the allegedly excess taxes during that period. Chrysler characterized this situation as a wrongfully forced interest-free loan to the taxing bodies. It is well settled in Illinois, however, that loss of use of money or loss of interest on excess taxes will not, alone, cause a remedy at law to become inadequate. *Lakefront Realty Corp. v. Lorenz* (1960), 19 Ill. 2d 415, 167 N.E.2d 236; *Clarendon Associates v. Korzen.*

■ We are cognizant of the recent decision of the United States Court of Appeals for the Seventh Circuit in *LaSalle National Bank v. Rosewell* (7th Cir., No. 78-2594, decided 8/24/79), ___ F.2d ___, ___, in which that court held:

> "The failure to pay interest on refunds to taxpayers who successfully challenged their tax assessment pursuant to the Illinois statutory procedures renders that remedy inadequate."

This holding has no effect on whether a remedy is adequate for the purposes of equitable relief sought in Illinois courts. The decision in *LaSalle National Bank* is based on Federal equitable jurisdiction through the Federal Tax Injunction Act of 1937. (28 U.S.C. §1341 (1976).) Furthermore, our own state supreme court's clear rulings in *Lakefront Realty Corp. v. Lorenz* and *Clarendon Associates v. Korzen* remain controlling precedent on us, as on all Illinois courts, unless reversed by that court or by the United States Supreme Court. It is not within the power of the Federal Court of Appeals to overrule the Illinois Supreme Court. It is to be noted that the case before us is not based on the Federal Tax Injunction Act.

■ Chrysler also contends that it is a matter of "public knowledge to even the casual reader of the newspapers, that Chrysler is having financial difficulties" and cites a Federal case, *28 East Jackson Enterprises, Inc. v. Cullerton* (7th Cir. 1975), 523 F.2d 439, which indicates that Illinois courts might grant equitable relief where a taxpayer was unable to pay an excessive tax. However, even assuming, *arguendo*, that the Federal courts have correctly analyzed Illinois law, Chrysler does not contend that it is unable to raise the additional funds necessary to pay the allegedly excess taxes but merely that it would be "a burden on Chrysler just as it would be on any business." Therefore, the inability to pay exception forecast in *28 East Jackson Enterprises* is irrelevant to the instant case.

Of the cases cited by the parties, the one most relevant to the present situation is *Hoyne Savings & Loan Association v. Hare* (1974), 60 Ill. 2d 84, 322 N.E.2d 833. In that case a taxpayer's 1971 and 1972 property taxes were grossly excessive due to complete misinformation as to improvements and zoning of the property. The taxpayer was granted equitable relief with regard to the 1971 taxes, in part because the 1971 tax bill was issued without sufficient notice to allow him to pursue either of the statutory remedies. The court, however, denied equitable relief as to the 1972 taxes because the plaintiff had knowledge of the excessive assessment long before the 1972 tax bills were received and could have taken advantage of the statutory remedies. Chrysler's situation in the case before us is more analogous to the 1972 taxes in *Hoyne* than to the 1971 taxes. Chrysler has had notice of the amount and basis of its assessments since 1972 and has indeed been pursuing its legal remedies for several years.

Because it can take advantage of these legal remedies, and because the only disadvantage of these remedies is the loss of the use of the allegedly excess taxes during the appeal process, Chrysler's legal remedies are adequate.

As a final note, we wish to point out that this opinion does not give a taxing authority a right to continually overassess in these particular circumstances without opening itself up to equitable relief. If the taxing

authority *again* assessed the property as a "special purpose" property, equity will lie as the only way to stop what will have become a *pattern* of clearly incorrect assessment procedures.

In view of the above we affirm the decision of the trial court.

Affirmed.

LINDBERG and SEIDENFELD, JJ., concur.