COMMONWEALTH EDISON COMPANY, Plaintiff-Appellant, *v.* TERENCE A. TUCKER, Lake County Collector, Defendant-Appellee.

Second District   No. 78-488

Opinion filed July 21, 1980.—Rehearing denied August 20, 1980.

John E. Cipriano and Terry F. Moritz, both of Lonchar & Nordigian, of Waukegan, and Isham, Lincoln & Beale, of Chicago, for appellant.

Dennis P. Ryan, State's Attorney, of Waukegan (William J. Blumthal, Assistant State's Attorney, of counsel), for appellee.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

A single, narrow issue is presented by this appeal: whether injunctive relief is available to challenge allegedly improper imposition by a county board of review of a multiplier adjusting personal property tax assessment.[1]

Public Act 79-703, effective September 3, 1975, amended the Revenue Act of 1939 (Ill. Rev. Stat. 1977, ch. 120, par. 482 *et seq.*) reducing the value of personal property for assessment purposes from 50% to 33 1/3% of fair cash value (Ill. Rev. Stat. 1975, ch. 120, par. 502). Plaintiff, Commonwealth Edison Company (Edison), is the owner of a substantial amount of personal property in Lake County. According to the allegations in its complaint, in 1975, pursuant to an advice letter from the supervisor of assessments of Lake County, Edison scheduled the personal property listed on its personal property tax returns at 25% of fair cash

---

[1] While this appeal involves a single, narrow question, it brings into issue the entire process of arriving at a taxpayer's personal property tax. In order for the reader to better understand this process, an overview of the component parts of the personal property tax is presented in chart form in an appendix following this opinion.

value. The Lake County Board of Review had the duty to equalize valuations—that is to either increase or decrease the assessments within an entire township or county if substantial differences as to the level of assessments are found to exist. For the 1975 tax year, the board determined that substantial differences existed in assessments of real property, and decided to apply an equalization factor to both real and personal property in Lake County. Consequently, it certified a county-wide equalization factor or multiplier of 1.4051 for personal property.

Application of this multiplier to Edison's personal property valuation increased the assessed valuation from 25% to 37.1275% of fair cash value. Thereafter, the Illinois Department of Local Government Affairs certified an additional equalization factor for Lake County of .9865. This multiplier lowered Edison's assessment to 36.63% of fair cash value. At this valuation, Edison's personal property liability for 1975 was $3,754,148.67.

On the theory that the correct assessed valuation figure was 31.32% of fair cash value (this figure is apparently the valuation for real property in the county), Edison tendered payment of its 1975 personal property taxes less $543,976.15, the amount representing the difference between 37.1275% and 31.32% of fair cash value. Defendant county collector refused to accept this tender, and Edison filed a mandamus action seeking to compel acceptance. In November of 1976, the Circuit Court of Lake County entered an order determining that the court was not authorized to force the defendant to accept partial payment of a tax bill. This order also provided that the defendant was to retain the disputed $543,976.17 in a separate interest-bearing fund pending court disposition of Edison's claim that the 1975 multiplier was improper. This order was not appealed by either party.

■■ Edison then commenced the instant equitable action in the Circuit Court of Lake County. Defendant responded with a motion to dismiss arguing that the complaint was insufficient to confer equitable jurisdiction[2] on the court. The trial court agreed and dismissed Edison's suit on the grounds that (1) Edison had an adequate remedy at law, and (2) that before there could be equity jurisdiction, it must be alleged that the unauthorized tax constitutes the entire assessment. Edison filed a motion for rehearing in response to which the court modified its previous order with respect to certain procedural issues, but in essence re-affirmed its dismissal of Edison's complaint. Edison appeals.

---

[2] Throughout this opinion we will use the term "equitable relief" and not "equity jurisdiction." The 1970 Constitution provides that the "Circuit Courts shall have original jurisdiction of all justiciable matters ° ° °." (Ill. Const. 1970, art. VI, §9.) Thus the circuit courts technically have jurisdiction to issue injunctions in tax challenges; what is in issue is the propriety of doing so. This distinction, however, does not affect the substantive result of decisions employing the term "equity jurisdiction." See *People ex rel. Williams v. McDonald* (1970), 44 Ill. 2d 349, 353, 255 N.E.2d 400, 402.

Three subissues are presented by this appeal: (1) whether the trial court erred in finding that Edison had an adequate remedy at law, (2) whether equitable relief in a personal property tax case requires, in addition to the absence of an adequate remedy at law, allegations of some special equitable ground such as constructive fraud, and (3) whether the exception granting equitable relief for an "unauthorized tax" is applicable to this case.

I.

■■ As a general rule equity will not grant relief in a property tax case if there is an adequate remedy at law. (*Clarendon Association v. Korzen* (1973), 56 Ill. 2d 101, 306 N.E.2d 299.) Edison argues that it does not have an adequate remedy at law as there is no specific statutory provision for correcting erroneous impositions of equalization factors on personal property tax assessments. Specifically Edison argues that payment of taxes under protest is limited to contests of the legality of the tax rate. (Ill. Rev. Stat. 1975, ch. 120, par. 676.) Similarly, Edison claims that it is precluded from seeking administrative review before the Board of Review as by law a complaint must be filed within 20 days of the issuance of assessment lists (Ill. Rev. Stat. 1975, ch. 120, par. 584). In the instant case this 20-day period lapsed before the Board of Review certified the disputed multiplier. Finally Edison argues that the option of simply refusing any payment was not open to it as this would require it to withhold the nondisputed $3.2 million thereby seriously disrupting local finances, as well as exposing Edison to substantial penalties.

The county collector does not directly dispute the above arguments. Instead, he points out the remedy suggested in section 111.1 of the Revenue Act. This section provides in pertinent part:

"In any county other than a county of over 1,000,000 population, any taxpayer dissatisfied with the decision of a board of review as such decision pertains to the assessment of his property for taxation purposes, or any taxing body that has an interest in the decision of the board of review on an assessment made by any local assessment officer, may, within 30 days after the date of written notice of the decision of the board of review, appeal such decision to the Property Tax Appeal Board for review." (Ill. Rev. Stat. 1975, ch. 120, par. 592.1.)

In an opinion dated February 2, 1978, the Illinois Attorney General reasoned that since the application of a township multiplier was "clearly a decision of the board of review pertaining to the assessment of a taxpayer's property for tax purposes, such application may be appealed to the Property Tax Appeal Board" under section 111.1. 1978 Ill. Att'y Gen. Op. 68, 70.

Edison argues that section 111.1 was not meant to apply to multipliers. Specifically Edison claims: (1) that "assessment" and "equalization" are distinct functions, (2) that decisions of a board of review are only appealable under section 111.1 if written notice has been given to the individual taxpayer involved, and (3) that the actual level of equalization was not finalized, and therefore reviewable, until the Department of Local Government Affairs adopted its equalization factor. We will address the notice argument first as we believe it is dispositive of this issue.

■■ Section 109a of the Revenue Act provides that if a decision of a board of review is reviewable by the Property Tax Appeal Board, written notice of the decision and the procedures for review must be *personally served* on all affected taxpayers. (Ill. Rev. Stat. 1975, ch. 120, par. 590.1.) Edison claims that it was not given individual notice of the board of review's multiplier decision. Such a lack of personal notice is understandable as multiplier decisions have uniform township or county-wide application and thus notice by publication, and not personal service, is all that is required by statute. (Ill. Rev. Stat. 1975, ch. 120, par. 589(5).) In light of the fact that notice by publication is the accepted practice for multiplier decisions, we conclude that, notwithstanding the Attorney General's Opinion, multiplier decisions were not intended to be reviewable by the Property Tax Appeal Board under section 111.1. Given this conclusion, we are inclined to agree with Edison that it lacked an adequate remedy at law to challenge the board of review's multiplier. However, we need not so hold in light of our discussion which follows concerning the additional requirement of constructive fraud.

## II.

■ The general rule is that equity will grant relief in a tax case only if two requirements are met: there must be both a special ground for equitable relief, such as a fraudulently excessive assessment, *and* the absence of an adequate remedy at law. (*Clarendon Association*; see also *Chrysler Corp. v. Gunderson* (1979), 77 Ill. App. 3d 558, 396 N.E.2d 101.) Edison argues that this rule is limited to questions of valuation, or in the alternative, that it has successfully pleaded a constructively fraudulent assessment.

In support of its contention that the *Clarendon* rule is limited to valuation cases, Edison quotes the following language from the rate challenge case of *Lakefront Realty Corp. v. Lorenz* (1960), 19 Ill. 2d 415, 417, 167 N.E.2d 236, 238:

> "* * * equity will not assume jurisdiction to enjoin the collection of tax or assessment unless special grounds for equitable jurisdiction exist, such as fraud, irreparable injury and cloud upon title, *or*

unless the plaintiff does not have an adequate remedy at law." (Emphasis added.)

However, no case—including *Lakefront Realty*—has explicitly articulated a rate/valuation distinction. In our view, *Clarendon* was clearly intended as a statement of a general principle limiting equitable relief. Indeed, a careful reading of *Clarendon* indicates that an allegation of constructive fraud is a necessary prerequisite to *any* judicial relief—either on legal or equitable grounds—tax cases. *Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 104-05, 306 N.E.2d 299, 301; see also *Illinois Bell Telephone Co. v. Rosewell* (1980), 82 Ill. App. 3d 975, 978, 403 N.E.2d 662, 665.

In the alternative, Edison argues that it has alleged constructive fraud as well as an inadequate remedy at law. In *Clarendon*, our supreme court defined constructive fraud as follows:

"Over-valuation may be so excessive, under some circumstances, as to justify the conclusion that it was not honestly made and is thus constructively fraudulent. [Citation.] Similarly, when property is assessed disproportionately higher than other similar property (citation) or the assessed value is reached under circumstances showing either a lack of knowledge of known values or a deliberate fixing of values contrary to known value, fraud will be inferred. [Citation.]" (56 Ill. 2d 101, 104-05, 306 N.E.2d 299, 301.)

Edison's complaint alleges a fixing of the final percentage of cash value over a statutory maximum. However, the taxing of personal property above the statutory maximum has recently been held not to amount to constructive fraud. (*Illinois Bell*, 82 Ill. App. 3d 975, 979, 403 N.E.2d 662, 666.) Thus we hold that Edison has failed to allege the necessary element of constructive fraud.

### III.

A recognized exception to the general rule that equity will not intervene absent an inadequate remedy and constructive fraud concerns a tax which is "unauthorized by law." (*Clarendon Associates*; *Hulse v. Kirk* (1975), 28 Ill. App. 3d 839, 329 N.E.2d 286; *Lackey v. Pulaski Drainage District* (1954), 4 Ill. 2d 72, 122 N.E.2d 257.) "Unauthorized by law" are words of art which go to the question of the power of the assessor to function and not to the validity of the tax as levied. The fact that a tax may be "irregular" or "erroneous" does not make it unauthorized. (*Hodge v. Glaze* (1961), 22 Ill. 2d 294, 297-98, 174 N.E.2d 873, 874-75.) Moreover, as a general rule a challenge based on the theory of an unauthorized tax must call into question the entire item of the tax. *Ames v. Schlaeger* (1944), 386 Ill. 160, 163, 53 N.E.2d 937, 938; *Hulse*.

Faced with the above-stated rules limiting the application of the unauthorized-by-law exception, Edison attempts to construct a logical chain. In substance Edison argues that since equalization is a mathematical operation like a tax rate, as opposed to judgmental question of value (*People ex rel. Boylan v. Illinois Central Gulf R.R. Co.* (1978), 72 Ill. 2d 387, 391, 381 N.E.2d 276, 277), and since injunctions have been found to be proper in some rate challenge cases (*Anderson v. City of Park Ridge* (1947), 396 Ill. 235, 72 N.E.2d 210; *Kremers v. City of West Chicago* (1950), 406 Ill. 546, 94 N.E.2d 337), therefore it is proper to enjoin an improper multiplier.

The question of whether a challenge to a multiplier alone can qualify as a challenge to an unauthorized tax was answered in the negative in *Hulse*. The *Hulse* court held that the unauthorized tax exception was inapplicable to a challenge to a real property tax multiplier as only a portion of the taxpayer's assessment was the subject matter of the suit. Edison argues that *Hulse* was wrongly decided and therefore should not be followed. However, *Hodge*, another real property tax multiplier case, reached the same conclusion that a challenge to an equalizer does not go to a lack of authority but merely to an improper exercise of authority and therefore equitable relief is unavailable. (See also *Strahan v. MacDonald* (1976), 37 Ill. App. 3d 840, 841, 346 N.E.2d 500, 501-02.) In light of this authority, we hold that the challenge to a tax multiplier cannot be considered a challenge to a tax "unauthorized by law."

For the foregoing reasons, the order of the Circuit Court of Lake County is affirmed.

Affirmed.

SEIDENFELD, P. J.; and NASH, J., concur.

## APPENDIX

| PERSONAL PROPERTY TAX | | ASSESSMENT OF PERSONAL PROPERTY AT A PERCENTAGE OF FAIR CASH VALUE | | MULTIPLIER BY COUNTY BOARD OF REVIEW (See Ill. Rev. Stat. 1975, ch. 120, pars. 589(5), 589.1) | | MULTIPLIER BY DEPARTMENT OF LOCAL GOVERNMENT AFFAIRS (see Ill. Rev. Stat. 1975, ch. 120, pars. 611(7), 627) | | TAX RATE (see Ill. Rev. Stat. 1975, ch. 120, par. 634, *et seq.*) |
|---|---|---|---|---|---|---|---|---|
| | = | | X | | X | | X | |