THE PEOPLE *ex rel.* LaRUE LOVELACE, Montgomery County Collector, Plaintiff-Appellant, v. CARL H. HELDEBRANDT, Defendant-Appellee.

Fifth District   No. 83—141

Opinion filed October 11, 1984.

Barbara Adams, State's Attorney, of Hillsboro (Stephen E. Norris and Debra A. Buchman, both of State's Attorneys Appellate Service Commission, of counsel), for appellant.

Mark Levy, of Collinsville, for appellee.

Danny J. Leifel, of Bloomington, for *amicus curiae.*

JUSTICE KASSERMAN delivered the opinion of the court:

Carl H. Heldebrandt, defendant, paid his Montgomery County real estate taxes for revenue year 1980 under protest and subsequently filed tax objections to the application by the Montgomery County Collector (collector) for a judgment for delinquent real estate taxes and taxes paid under protest for 1980. After a hearing, the trial court ordered a refund of some of the taxes defendant had paid under protest. The collector appeals this decision and contends that: (1) Mr. Heldebrandt failed to exhaust his administrative remedies; (2) the tax objection filed by Mr. Heldebrandt was legally insufficient; and (3) Mr. Heldebrandt failed to establish constructive fraud in the assessment of taxes on his farmland.

Prior to trial, the collector moved to dismiss Mr. Heldebrandt's tax objection on the ground, *inter alia*, that the objection failed to state sufficient facts to allege constructive fraud. The trial court denied the motion.

Testimony from Montgomery County Board of Review (board of

review) members established the following facts: On January 22, 1981, the board of review received correspondence from the Illinois Department of Revenue stating that the proposed tax assessments that the board of review had submitted for the year 1980 were erroneous. The Department of Revenue recommended two alternatives to the board of review to rectify the problem. The board of review was informed that it could either reassess the entire county or increase the tax rate on farmland by 1.08 pursuant to section 108(5) of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 589(5)). The board of review chose to increase the assessment on farmland because the shortage of time precluded reassessing the entire county. Notice of hearing on the matter was published in a newspaper of general circulation in Montgomery County. Such notice stated:

"PUBLIC NOTICE

NOTICE OF BOARD
OF REVIEW HEARING

Notice is hereby given, that the Board of Review has been requested and directed by the Department of Revenue, State of Illinois, to reconvene in this session.

This session is for the purpose of adjusting agriculture land only, for 1980 assessments; as required by Section 108 of the Revenue Act of 1939, in accordance with Section 20e of the Act, as revised by applying the multiplier set forth below:

1.08

Notice is further given that the owners of property affected or any one representing them, or other citizens of the affected territory may appear before the Board of Review at a hearing to be held at 1:30 p.m. on Monday, February 23, 1981, at the Montgomery County Courthouse, Supervisor's Room, to show cause why such action should not be taken.

Montgomery County
Board of Review
*** "

A public hearing in conformity with such notice was conducted on February 23, 1981. Mr. Heldebrandt did not attend.

The hearing on February 23, 1981, was attended by Mr. John Lambert, the legislative chairman of the Montgomery County Farm Bureau. According to Mr. Lambert's testimony, he read a prepared statement at the hearing in opposition to the proposed increase in the assessment. Mr. Lambert further stated that he did not appear at the meeting as a representative of Mr. Heldebrandt.

On February 27, 1981, the board of review decided to increase the 1980 assessment on Montgomery County farmland by applying the 1.08 tax "multiplier."

Richard McCain, the director of State and local finance property taxation for the Illinois Farm Bureau, testified in Mr. Heldebrandt's behalf as an expert in the area of farm tax assessments. Mr. McCain stated that he was involved in drafting the language of section 20e of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 501e). He testified that the purpose of section 20e was to arrive at the equalized value for farmland by soil types. It was Mr. McCain's opinion that if you applied an across-the-board multiplier to the 1979 assessed values of farmland, it would distort the equalization which should have resulted based on soil type under the 1980 amendment to section 20e. Compare Ill. Rev. Stat. 1977, ch. 120, par. 501e, with Ill. Rev. Stat. 1979, ch. 120, par. 501e.

Randall Carron, a former deputy of the St. Clair County Board of Assessors, also testified in Mr. Heldebrandt's behalf. He concurred with Mr. McCain's testimony that the application of an across-the-board multiplier to the 1979 assessed valuation of farmland would distort the 1980 farmland assessment in Montgomery County.

At the close of defendant's presentation of evidence, the collector moved to "dismiss" the case on the grounds, *inter alia*, that Mr. Heldebrandt failed to exhaust his administrative remedy, failed to sufficiently plead constructive fraud, and failed to prove constructive fraud. This motion was denied by the trial court.

The collector then called as a witness Arnold McGill, who was the field man for the supervisor of assessments of Montgomery County and was involved in the assessment of farmland. Mr. McGill stated that in assessing the farmland in Montgomery County, the same figures were used for the 1980 assessment as had been used in 1979 and that the board of review adjusted those figures upward by the application of the 1.08 multiplier. Mr. McGill gave a detailed account of the method used to assess farmland, which included an explanation of how the 1979 and 1980 methods of assessment would be represented graphically. Mr. McGill stated that, in his opinion, Mr. Heldebrandt's tax assessment would have been higher had section 20e of the Revenue Act of 1939 been complied with.

The trial court found the addition of the 1.08 increase to be constructively fraudulent and sustained the tax objection of Mr. Heldebrandt; and the collector perfected this appeal. This court has granted the motion of the Illinois Agricultural Association to file a brief *amicus curiae*.

The collector first contends that the court had no jurisdiction to hear Mr. Heldebrandt's tax objection because Mr. Heldebrandt failed to exhaust his administrative remedies. We agree.

Section 108(5) of the Revenue Act of 1939 states that the board of review shall:

"[i]ncrease or reduce the entire assessment of either real or personal property, or both, or of any class included therein if, in its opinion, the assessment has not been made upon the proper basis, or equalize the assessment of real or personal property, by increasing or reducing the amount thereof, in any multi-township or township, or part thereof, or any portion of the county as may, in its opinion, be just, but the assessment of any class of property or of any township or multi-township or part thereof, or any portion of the county, shall not be increased until the board shall have published a notice in a newspaper of general circulation published in the county, of such proposed increase and shall have given the owners of the property affected, or any one representing them, or other citizens of said territory, an opportunity to be heard within 20 days after the date of such publication. The board of assessors, assessor or supervisor of assessments shall have like opportunity to be heard thereon, except where such action is taken in individual cases upon complaint. The board shall hear any person, upon request, in opposition to a proposed reduction in the assessment of any person, corporation or territory." (Ill. Rev. Stat. 1979, ch. 120, par. 589(5).)

Under section 108 of the Act, the board of review has the authority to increase or decrease tax assessments. (See *O'Connor v. A & P Enterprises* (1980), 81 Ill. 2d 260, 274, 408 N.E.2d 204, 210.) Under subsection (5) of section 108, this authority may be exercised after 20 days' notice by publication and personal service is not required. (*Hartley v. Will County Board of Review* (1982), 106 Ill. App. 3d 950, 960, 436 N.E.2d 1073, 1081; *Commonwealth Edison Co. v. Tucker* (1980), 86 Ill. App. 3d 630, 634, 408 N.E.2d 364, 367.) It is undisputed that notice pursuant to statute was given in the instant case.

The general rule in Illinois is that there is no right to judicial review of an allegedly excessive or fraudulent tax assessment unless the administrative remedy has been exhausted. (*People ex rel. Needham v. H. A. Abbott Estate* (1970), 47 Ill. 2d 491, 497, 265 N.E.2d 612, 616; *People ex rel. Nordlund v. Lans* (1964), 31 Ill. 2d 477, 479-80, 202 N.E.2d 543, 545; *In re Application of Wallace* (1977), 53 Ill. App. 3d 760, 761, 368 N.E.2d 1127, 1128.) We are of the opinion that such

doctrine is applicable to the instant case.

We conclude that Mr. Heldebrandt was precluded from seeking relief in the circuit court without having first complied with the requirements of the Revenue Act of 1939. Mr. Heldebrandt admitted that neither he nor anyone representing him appeared before the board of review to voice his objection to the proposed tax assessment increase under section 108(5). Having failed to give the board of review any opportunity to consider his specific objections to his 1980 real estate tax assessment and having failed to comply with the provisions of the Revenue Act of 1939 regarding appeals, Mr. Heldebrandt is not at liberty to pursue his tax objection in the circuit court.

We reject Mr. Heldebrandt's contention that he should not be required to exhaust the administrative remedies established by the Revenue Act of 1939. Mr. Heldebrandt was not aggrieved by any administrative action until after the requisite hearing was held. While it is true that the decision to alter the tax assessment pursuant to section 108(5) was not made until after the required statutory hearing held on February 23, 1981, the board of review's actions remain administrative and were devoted to establishing the original real estate taxes for the revenue year 1980. We also reject Mr. Heldebrandt's assertion that his objection to the board of review would have constituted a futile act. Nothing in the record supports this conclusion. The fact remains that Mr. Heldebrandt did not follow proper administrative procedures set forth in the applicable statute.

The Illinois Agricultural Association (IAA) suggests that this court follow *In re Application of Clark County Collector* (1983), 116 Ill. App. 3d 539, 452 N.E.2d 100, in the case at bar and urges that we find that exhaustion of administrative remedies should not be required. We decline to do so. While the court in the *Clark County Collector* case refused to require the exhaustion of administrative remedies, it did so noting the complexity of the statutory provisions involved and relying on the fact that the published notice may have been inadequate. (116 Ill. App. 3d 539, 540-41, 452 N.E.2d 102-03.) Here we are not confronted by a considerable array of confusing legislation; section 108(5), the applicable statute in the instant case, expressly sets forth the procedure which must be followed before a board of review may alter an assessment. There must be notice by publication at least 20 days prior to hearing and an opportunity for interested parties to be heard. Mr. Heldebrandt was afforded an opportunity to be heard; and, as we have already stated, it is undisputed that notice was properly given in the case at bar and that Mr. Heldebrandt made no objection to the board of review before the tax as-

sessment was established.

We note that the court in *In re Application of Clark County Collector*, relied on by the IAA, in determining that the tax objector should not be required to exhaust his administrative remedies, based its decision on *Boylan v. Illinois Central Gulf R.R. Co.* (1978), 72 Ill. 2d 387, 381 N.E.2d 276. However, it is crucial that the supreme court in *Boylan* indicated that there are "two separate and distinct steps in the taxing process" involved in the assessment of railroad property under the provisions of section 80 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 561). After observing that "[t]he first step is the original assessment of the property involved, and the second is the equalization of that assessment [citations]," the *Boylan* court stated that the supreme court had recognized that the reference to the Administrative Review Act in section 138 of the Revenue Act applies to the Department's original assessment function and thus that assessment is exclusively reviewable under the Administrative Review Act, but that where constructive fraud is alleged, the Department's equalization function is properly challenged in tax objection proceedings. The court in *Boylan* then stated that the reason for this dichotomy had been stated in certain of its earlier decisions where it had been recognized that the original assessment function was a complex procedure involving the department of revenue's expertise and was therefore susceptible to meaningful judicial review as envisioned in the Administrative Review Act, while the equalization function was purely a mathematical operation which did not involve discretionary judgment factors, in which there would be less value in the legislature's affording judicial review under the Administrative Review Act. See *Boylan v. Illinois Central Gulf R.R. Co.* (1978), 72 Ill. 2d 387, 392, 381 N.E.2d 276, 277.

We conclude that the rationale of *Boylan* is applicable to the case at bar and that the IAA's reliance on *In re Application of Clark County Collector* is misplaced. Although the instant assessments were made under section 108 of the Revenue Act of 1939 and not the section governing the assessment of railroad property, they did in fact involve the original assessment function of the taxing body and not its equalization function. Furthermore, the original assessment function in the instant case is also a complex procedure involving the expertise of the board of review and was therefore susceptible to meaningful judicial review as envisioned by the Administrative Review Act. We conclude, therefore, that defendant was required to exhaust his administrative remedies in the case at bar and failed to do so.

We do not perceive of any compelling reason to deviate from the

general rule requiring the exhaustion of administrative remedies in the instant appeal. Mr. Heldebrandt has failed to follow required administrative procedures and has deprived the board of review of any opportunity to address his allegations regarding the propriety of his tax assessment. To allow Mr. Heldebrandt to proceed directly to the circuit court would, in effect, render meaningless the statutory notice and hearing requirements set forth in section 108(5).

Moreover, even if we were to consider this appeal on the merits, we would be constrained to reverse the decision of the trial court. The evidence presented by Mr. Heldebrandt did not prove either actual or constructive fraud. Indeed, Mr. McGill, the field man for the supervisor of assessments of Montgomery County, indicated that the application of the 1.08 multiplier to the 1979 assessed value of the farmland resulted in a lower assessment than that which would have resulted had the assessment been made in full compliance with section 20e of the Revenue Act of 1939. While the increase in the assessment in this case by the use of the 1.08 multiplier may, as Mr. McGill testified, have resulted in a distortion of the graphic representation of the assessment, this fact alone does not make the assessment fraudulent. Merely because section 20e of the Revenue Act of 1939 was not technically complied with does not, in the absence of other proof, dictate the conclusion that the assessment is fraudulent either absolutely or as compared to any other taxpayer.

The judgment of the circuit court of Montgomery County is, therefore, reversed.

Reversed.

KARNS and HARRISON, JJ., concur.